**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000054
16-APR-2026
08:11 AM
Dkt. 33 SO**

NO. CAAP-24-0000054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LEANDRO LARA BICALHO, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-23-00008)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Petitioner-Appellant Leandro Lara **Bicalho** appeals from

the District Court of the First Circuit's December 29, 2023

"Decision and Order Affirming Administrative Revocation and

Dismissing Appeal" and Judgment.[1]

On appeal, Bicalho contends the district court was

wrong in determining that the denial of his request to issue a

subpoena was harmless.

---

[1] The Honorable Bryant G.F.Y. Zane presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

In January 2023, Bicalho was arrested for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**). Honolulu Police Department (**HPD**) Sergeant Jared Spiker (**Sgt. Spiker**) and HPD Officer Alvin Koike (**Officer Koike**) observed Bicalho driving, and HPD Officer C. Oallesma (**Officer Oallesma**) conducted the field sobriety test.

Six days later, the Administrative Driver's License Revocation Office (**ADLRO**) revoked Bicalho's license. Bicalho requested a hearing.

The hearing was initially scheduled for February 2023, but was continued several times at Bicalho's request. During that time, the Hearings Officer granted subpoenas for, among other things, (1) the officers' body-worn camera footage of the arrest and (2) Sgt. Spiker's disciplinary record "and other records showing his dishonesty and untruthfulness."

By the June 2023 hearing, the Hearings Officer received the records related to Sgt. Spiker but the case was continued so Bicalho could request the video footage mentioned in State v. Su, 147 Hawaiʻi 272, 465 P.3d 719 (2020). To that end, Bicalho requested to subpoena "Steven Alm, the Honolulu

Prosecuting Attorney or custodian of potential discovery, for the 'video of the incident at the ALA MOANA HOTEL discussed in [Su] from State v. Thomas relating to [Sgt.] Spiker [(**Thomas Video**)] which video has been previously provided to OVUII defense attorneys in cases for arrests by Spiker.'"

The Hearings Officer denied Bicalho's request to issue a subpoena for the Thomas Video.  However, the Hearings Officer "took administrative notice of [Su], specifically that 'the still photograph of the [Thomas Video] show[s] that, contrary to Officer Spiker's police report and trial testimony, Thomas did not have his fists clenched and was not throwing punches.'" (Third brackets in original.)

During the September 2023 hearing, Bicalho argued that he could not properly question Sgt. Spiker without the Thomas Video.  The Hearings Officer affirmed the ADLRO's revocation of Bicalho's license.[2]

Bicalho petitioned the district court for judicial review.  The district court affirmed the revocation of Bicalho's license.

The district court ruled that the Thomas Video was relevant and the request for a subpoena was properly made and

---

[2]  The Hearings Officer affirmed the ADLRO's revocation in part, amending the decision by deleting the finding that Bicalho refused to submit to a breath or blood test and by reducing the revocation period to one year, ending on February 19, 2024.  Refusing the breath or blood test is not an issue in this appeal.

not deficient and, thus, the Hearings Officer erred by denying the request. However, the district court further ruled that the Hearings Officer's error was harmless because, "[c]onsidering the facts and circumstances of which Officer Koike was aware at the time from his own observations and from the information provided to him, there existed probable cause to believe [Bicalho] had committed OVUII"; "[a]t the time of arrest, there was more than a mere suspicion that [Bicalho] had committed OVUII"; and "by the close of evidence there was proof by a preponderance of the evidence in that it was more likely than not that" Bicalho had committed OVUII.

Assuming, *arguendo*, the Hearings Officer erred in denying Bicalho's request to issue a subpoena for the Thomas Video, the district court was correct in determining the error was harmless.

When considering whether error is harmless, the question is whether "there is a reasonable possibility that the error might have contributed" to the revocation of Bicalho's license. See, e.g., State v. Sylva, 153 Hawaiʻi 447, 458, 541 P.3d 1210, 1221 (2023) (emphasis omitted). Under Hawaiʻi Revised Statutes (**HRS**) § 291E-38(e) (2020), the administrative revocation shall be affirmed only if (1) reasonable suspicion existed to stop the vehicle, (2) probable cause existed to

4

believe the driver was OVUII, and (3) there was a preponderance of the evidence showing the driver was OVUII.[3]

Here, Bicalho argues he needed the Thomas Video to properly impeach Sgt. Spiker. Thus, we look at whether there was a reasonable possibility that the failure to impeach Sgt. Spiker might have contributed to the revocation of Bicalho's license. See, e.g., Sylva, 153 Hawaiʻi at 458, 541 P.3d at 1221. To do this, we disregard the evidence based on Sgt. Spiker's observations and determine whether the evidence based on Officers Koike's and Oallesma's observations supported the Hearings Officer's decision.

Officer Koike observed Bicalho driving at 3:00 in the morning with no headlights on. Officer Koike then saw Bicalho "cross over a single solid white line" from lane 2 to lane 1 and "immediately cross back into lane 2 unsafely, cutting off the police blue and white vehicle." Based on Officer Koike's

---

[3] HRS § 291E-38(e), "Administrative hearing; procedure; decision," provides in relevant part:

> (e)  The director shall affirm the administrative revocation only if the director determines that:
>
> (1)   There existed reasonable suspicion to stop the vehicle . . . .;
>
> (2)   There existed probable cause to believe that the respondent operated the vehicle while under the influence of an intoxicant; and
>
> (3)   The evidence proves by a preponderance that:
>
> (A)   The respondent operated the vehicle while under the influence of an intoxicant[.]

observations, there was reasonable suspicion to stop Bicalho. State v. Alvarez, 138 Hawaiʻi 173, 182, 378 P.3d 889, 898 (2016) ("To justify an investigative stop, . . . the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."); State v. Kaleohano, 99 Hawaiʻi 370, 378, 56 P.3d 138, 146 (2002) (explaining that initial stop was appropriate where defendant was swerving and crossing double center line).

When Officer Koike approached Bicalho, Officer Koike "immediately detected a strong odor of alcoholic type beverage emanating from [Bicalho's] breath" and observed his "eyes to [be] watery and glassy" and his "speech to be slurred." Similarly, Officer Oallesma "observed a strong odor of alcohol on [Bicalho's] breath and his eyes appeared red, watery, and glassy." Officer Oallesma also observed that Bicalho "had a hard time maintaining his balance." Bicalho told Officer Oallesma "he had two to three beers."

Officer Oallesma conducted the field sobriety test. As to the Horizontal Gaze Nystagmus Test, Bicalho "exhibited six out of a possible six clues." As to the Walk and Turn Test, Bicalho "exhibited a total of five clues out of a possible eight." And as to the One Leg Stand Test, Bicalho "exhibited a total of three clues out of a possible four." Based on Officer

Koike's and Officer Oallesma's observations, there was probable cause to believe Bicalho committed OVUII. State v. Ontai, 84 Hawaiʻi 56, 63, 929 P.2d 69, 76 (1996) ("Probable cause is established by 'a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of guilt of the accused.'" (quoting State v. Chung, 75 Haw. 398, 409-10, 862 P.2d 1063, 1070 (1993)).

After disregarding Sgt. Spiker's observations, the totality of Officer Koike's and Officer Oallesma's observations nonetheless showed it was more probable than not that Bicalho operated his vehicle while under the influence of an intoxicant. Coyle v. Compton, 85 Hawaiʻi 197, 202, 940 P.2d 404, 409 (App. 1997) ("Preponderance of the evidence is defined as 'proof which leads the jury to find that the existence of the contested fact is more probable than its nonexistence.'"); State v. Mitchell, 94 Hawaiʻi 388, 399, 15 P.3d 314, 325 (App. 2000) ("The testimonies of the police officers painted a classic portrait of intoxication. [The defendant]'s breath was redolent of alcohol. His speech was slurred. His eyes were red, bloodshot and watery. . . . He had difficulty walking. He was swaying and unsteady on his feet; indeed, he had difficulty standing and instead leaned against his vehicle.").

7

Thus, the district court was correct in holding that the Hearings Officer's error (if any) was harmless.  <u>Cf. Oyadomari v. Admin. Dir. of Cts.</u>, 123 Hawaiʻi 312, 234 P.3d 694, No. 29918, 2010 WL 2904672, at *3 (App. July 26, 2010) (mem. op.) (applying harmless error to hearings officer's denial of a request to issue a subpoena).

Based on the foregoing, we affirm the district court's December 29, 2023 "Decision and Order Affirming Administrative Revocation and Dismissing Appeal" and Judgment.

DATED:  Honolulu, Hawaiʻi, April 16, 2026.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Earle A. Partington,
for Petitioner-Appellant.               /s/ Keith K. Hiraoka
                                        Associate Judge
Randall S. Nishiyama,
Kodai S. Okano,                         /s/ Sonja M.P. McCullen
Alyssa-Marie Yukiko Kau,                Associate Judge
Deputy Attorneys General,
for Respondent-Appellee.